# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**KEITH PEEK,**

    **Plaintiff,**

**vs.**　　　　　　　　　　　　　　　　**Case No. 4:22cv195-AW-MAF**

**MR. CHOW HOLDINGS, LLC,**

    **Defendant.**
_____/

## REPORT AND RECOMMENDATION

Pro se Plaintiff Keith Peek initiated this case on May 16, 2022, by filing a complaint, ECF No. 1, and an in forma pauperis motion, ECF No. 4. However, just four days earlier Plaintiff initiated another case in this Court - case number 4:22cv186-AW-MAF. Both cases are filed against the same Defendant and present virtually the same factual allegations concerning a dinner served at Defendant's restaurant in Miami Beach, Florida, on April 17, 2022. ECF No. 1 of both cases.

In both cases, Plaintiff submitted a motion requesting leave to proceed in forma pauperis. ECF No. 4 of case number 4:22cv195-AW-MAF; ECF No. 3 of case number 4:22cv186-AW-MAF. Those two

documents provide much of the same information, but they were not identical.

Because a party may only file one lawsuit challenging an event or incident, an Order was entered in both cases.  ECF No. 6 of this case; ECF No. 5 in case number 4:22cv186-AW-MAF.  The Orders required clarification from Plaintiff as to whether the second documents received may have been intended to function as a service copy.  The Order clearly advised that before this litigation could proceed, Plaintiff must "identify for the Court which of the two pending cases he will pursue."  *Id.*  Further, Plaintiff was required to file a notice of voluntary dismissal in the duplicative case pursuant to Federal Rule of Civil Procedure 41(a).  *Id.*  In addition, in whichever case Plaintiff wanted to proceed, he was required to file an amended in forma pauperis motion and financial affidavit.  *Id.*  Plaintiff was given until **June 20, 2022**, in which to comply.  *Id.*

As of this date, nothing further has been received by Plaintiff, in either case.  Plaintiff has not filed an amended in forma pauperis motion and financial affidavit, nor has he filed a notice of voluntary dismissal, despite the warning to Plaintiff that a recommendation would be made to dismiss

this case if he did not comply by the deadline provided.  It appears that Plaintiff has abandoned this litigation.

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte" when a Plaintiff "fails to prosecute or" otherwise comply with a court order.  See Ciosek v. Ashley, No. 3:13cv147-RV-CJK, 2015 WL 2137521, at *2 (N.D. Fla. May 7, 2015).  The Court has inherent power "to dismiss sua sponte for lack of prosecution" as courts must necessarily have authority "to manage their own affairs . . . . " Link v. Wabash R.R. Co., 370 U.S. 626, 630, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962) (quoted in Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)); see also N.D. Fla. Loc. R. 41.1.  Furthermore, the Eleventh Circuit Court of Appeals has noted that "[w]hile dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."  Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).  It is within this Court's discretion and "inherent authority" to dismiss this case for failing to comply with a court Order.  Smith v. Bruster, 424 F. App'x 912, 915 (11th Cir. 2011) (stating it "was within the district court's discretion to dismiss the plaintiffs' § 1983 action without prejudice either under Rules 11

and 41(b) or under its inherent authority"). Here Plaintiff was forewarned but did not respond to a Court Order; dismissal is appropriate.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and failure to comply with a Court Order.

**IN CHAMBERS** at Tallahassee, Florida, on June 27, 2022.

 S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**